AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)                    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>LAWRENCE FLETCHER | ) ) ) ) ) ) ) ) |

Case No: 1:21-cr-00319-JMS-MG-01

USM No: 73917-509

Date of Original Judgment: 07/27/2022
Date of Previous Amended Judgment:
*(Use Date of Last Amended Judgment if Any)*

Gwendolyn Beitz (prior)
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
   ☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 09/24/2024

_____
*Judge's signature*

Effective Date: _____
*(if different from order date)*

_____
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-cr-00319-JMS-MG |
| | ) | |
| | ) | |
| LAWRENCE FLETCHER (01), | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Lawrence Fletcher (01) has filed a Motion to Reduce Sentence based on USSC Amendment 821. [143/149].[1]  Mr. Fletcher was convicted of conspiracy to possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl [107]. He received a sentence of 70 months. [Id].  He seeks a relief under Amendment 821, "seeking a 2 point reduction due to falling within the acceptable criteria." [143/149].  The Government has filed a Response in Opposition in which it asserts that Mr. Fletcher is ineligible because the amendment does not apply to him. [161].

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's sentence is based on a guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Fletcher. [144]. Counsel was later granted leave to withdraw. [158]. Mr. Fletcher was afforded an opportunity to supplement his petition following the withdrawal [159], which he did not.

Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

Beginning and ending with the step one analysis under *Dillon*, the Court agrees with the United States that Mr. Fletcher is ineligible for resentencing. In Part B to Amendment 821, the Sentencing Commission added what now appears in U.S.S.G. § 4C1.1(a), providing a two-offense level reduction for many offenders who have zero criminal history points (subject to several exceptions). In pertinent part, the adjustment applies if "the defendant did not receive any criminal history points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1). It is true that Mr. Fletcherr did not receive any criminal history points. [102 at ¶29]. That is not the end of the inquiry, however.

In order to be eligible for a two-offense level reduction Mr. Fletcher must meet all of the criteria of § 4C1.1, but he does not. In order to qualify under§ 4C1.1 Mr. Fletcher must show that he "did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm . . . in connection with the offense." U.S.S.G. § 4C1.1(a)(7). But Fletcher possessed multiple firearms in connection with the offense. [93 ¶ 15.] He is therefore ineligible under Amendment 821.

The Court therefore does not proceed to step two under *Dillon*.

For the foregoing reasons, Mr. Fletcher's Motion to Reduce Sentence [143] is **DENIED.**

IT IS SO ORDERED.

Date: 9/24/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

By U.S. Mail to:
Lawrence Fletcher
Reg. No. 73917-509
FCI Cumberland
Federal Correctional Institution
SATELLITE CAMP
P.O. Box 1000
Cumberland, MD 21501

Brian L. Reitz
Michelle Patricia Brady
James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Brian.reitz@usdoj.gov
Michelle.brady@usdoj.gov
bob.wood@usdoj.gov